UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GREGORY HUMPHREY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MOODY,<br>ASHLEY KERN, and<br>RODNEY FOULKS,<br><br>Defendants. | Civil Action No.:<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. On October 18, 2022, correctional officers Moody, Kern, and Foulks knowingly and intentionally failed to protect Gregory Humphrey from a brutal stabbing that nearly cost him his life. In the predawn hours of October 18, 2022, these officers were working at Valdosta State Prison in the Mental Health Supportive Unit. Hours earlier, three incarcerated men were able to escape from their cells and freely roam the dorm without intervention from any prison staff. These three officers were aware that this group was roaming the facility armed with a hatchet, a knife, and other edge weapons. At approximately 2:00am, this group of men stabbed a man within the unit. Despite being aware of the first stabbing and the danger that this armed group of men posed, the Defendant officers

did not intervene, disarm the group, ask for help, or return them to their cells. At approximately 4:00am, the Defendants allowed the armed group of men to enter Gregory Humphrey's cell that should have been, but was not, locked. The attackers pulled Humphrey out of his cell and into the open where Defendants could see him clearly. While the Defendants looked on, Humphrey was brutally attacked and stabbed nine times, including a stab wound to his stomach that required extensive emergency surgery. He barely survived, but his injuries changed his life.

## JURISDICTION AND VENUE

2. This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division.

## PARTIES

4. Plaintiff Gregory Humphrey is a United States citizen.

5. Defendant James Moody is Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to this complaint, Moody acted under the color of law.

6. Defendant Ashley Kern is a Georgia Department of Corrections official, who is sued in their individual capacity. At all times relevant to this complaint, Kearns acted under the color of law.

7. Defendant Rodney Foulks is a Georgia Department of Correction official, who is sued in his individual capacity. At all times relevant to this complaint, Foulks acted under the color of law.

**FACTS**

8. On October 18, 2022, Gregory Humphrey was incarcerated at Valdosta State Prison.

9. Early in the morning on October 18, the three Defendants improperly allowed several men to be released from their cells to wreak havoc in the dorm.

10. The three Defendants were aware that this group of men were freely roaming the dorm, despite being required to be locked in their cells.

11. The group of men were armed with a hatchet, knife, and other edge weapons.

12. The Defendants were aware that this group was armed and did not intervene.

13. Moreover, the Defendants had known for weeks that one of the men had been in possession of a large hatchet, but they did not confiscate the weapon.

14. Around 2:00am, the group of men attacked a different incarcerated man in the dorm, stabbing him repeatedly, and causing him serious harm.

15. Each of the three Defendants personally observed the attackers, with weapons, do violence to the first incarcerated man.

16. The three Defendants were aware of the attack on the first man, but did nothing to help that man or to take away the weapons used in the attack or to return the attackers to their cells or move them anywhere secure.

17. Even after the attack on the first victim, the three Defendants did not intervene, confiscate the weapons, or return the attackers to their cells.

18. Around 4:00am, the three Defendants were inside the control room in Humphrey's dorm.

19. The three Defendants watched as this same group of attackers entered Humphrey's cell and drug him out.

20. Humphrey's cell door should have been locked.

21. Each of the three Defendants knew that the door was not locked.

22. The attackers stabbed Humphrey nine times, including a stab wound to the stomach.

23. During the attack, the three Defendants watched from the control room, but they did not intervene to protect Humphrey.

24. Only after the attackers had nearly killed Humphrey after brutalizing him for more than five minutes, did the attackers grow disinterested and leave Humphrey to bleed on the floor.

25. Still the three Defendants did nothing to assist Humphrey.

26. Eventually, Humphrey was taken to South Georgia Medical Center where he underwent emergency surgery to repair his intestines.

27. Humphrey stayed in the hospital for more than a week.

28. Upon his release from the hospital, Humphrey was transferred to Augusta State Medical Prison because his injuries could not be treated at Valdosta State Prison.

29. Humphrey experienced tremendous pain and suffering from his injuries which continues to this day.

30. Humphrey is no longer in custody as of this filing.

## COUNT I
*Cruel and Unusual Punishment*
*under 42 U.S.C. § 1983 and the Eighth Amendment*

31. The group of armed attackers was an objectively serious danger that was sufficiently serious to violate the Eighth Amendment because it was obvious to even lay persons that allowing armed attackers to attack whoever they wanted at will may lead to serious injury or death.

32. The three Defendants subjectively knew that Humphrey was facing serious injury or death from the failure to restrain the armed attackers before or after the first attack and the attack on Humphrey because they personally saw the harm these men had inflicted on another victim hours earlier.

33. The three Defendants subjectively knew that the group of attackers was roaming the dorm armed with weapons because they saw it with their own eyes.

34. The three Defendants subjectively knew that this group of armed attackers could access Humphrey and inflict grave bodily harm upon him because they knew the door to Humphrey's cell was improperly unlocked.

35. The three Defendants also knew there was a highly elevated risk of harm to Humphrey because they were not completing their required rounds, at least every 30 minutes, throughout the night as required.

36. The three Defendants also knew there was a highly elevated risk of harm to Humphrey because they knew that he had repeatedly requested protective custody due to issues related to his efforts to leave the gang with which he was previously affiliated.

37. The three Defendants watched and stood by as the attack developed and proceeded.

38. The three Defendants were in a position to intervene, yet they failed to do anything to stop the attack.

39. The three Defendants' actions and inactions went beyond any kind of negligence.

40. Because Defendants acted with the mental state necessary to violate the Eighth Amendment, they are not entitled to qualified immunity. *See Caldwell v. Warden, FCI Talladega,* 748 F.3d 1090, 1102 (11th Cir. 2014) ("Prior to the conduct in this case, this Court already clarified that a prison guard violates a prisoner's Eight Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any action to investigate, mitigate, or monitor that substantial risk of serious harm.").

## **COUNT II**
*Free Speech Retaliation*
*under 42 U.S.C. § 1983 and the First Amendment*

41. The three Defendants permitted, if not encouraged, the armed attackers to assault Humphrey because he had complained about his treatment to prison staff, including by filing grievances.

42. The three Defendants loudly called Humphrey a "snitch" in the presence of other incarcerated men in retaliation for complaining about their misconduct.

43. The three Defendants intended for Humphrey to be attacked after they publicly labeled him as an informant.

44. The three Defendants did this to punish Humphrey for his speech activity and to discourage him and others from exercising their limited rights.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

a) Hold a trial by jury on all issues so triable;

b) Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c) Award Plaintiff attorneys' fees under 42 U.S.C. § 1988;

d) Tax all costs of this action against Defendants;

e) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 22nd day of January, 2024.

*/s/Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Samantha Funt

Georgia Bar No. 943783

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com
sam@mitchellshapiro.com