# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**GREGORY HUMPHREY**,

    Plaintiff,

v.

**JAMES MOODY, ASHLEY KERN, and RODNEY FOULKS**,

    Defendants.

Civil Action No. 7:24-CV-6 (HL)

## ORDER

Before the Court is Defendants Rodney Foulks and Ashley Kern's Motion to Set Aside Default. (Doc. 4). Plaintiff Gregory Humphrey filed this lawsuit on January 22, 2024, pursuant to 42 U.S.C. § 1983, alleging Defendants James Moody, Ashley Kern, and Rodney Foulks failed to protect Plaintiff from an attack at Valdosta State Prison on October 18, 2022. (Doc. 1). Plaintiff personally served Defendant Foulks on February 1, 2024. (Foulks Decl. ¶ 3). Plaintiff personally served Defendant Kern on February 5, 2024. (Kern Decl. ¶ 3). Defendants' responses to Plaintiff's Complaint therefore were due on February 22, 2024 and February 26, 2024, respectively. Defendants, however, did not file their Answer to Plaintiff's Complaint until March 1, 2024.[1] Defendants now move the Court to set aside entry of default. Plaintiff does not oppose Defendants'

---

[1] Plaintiff personally served Defendant James Moody on February 9, 2024. Moody's March 1, 2024 response to Plaintiff's Complaint was therefore timely.

motion. Finding good cause to set aside the default, the Court **GRANTS** Defendants' motion.

I.     BACKGROUND

Plaintiff was incarcerated at Valdosta State Prison on October 18, 2022, when he was brutally attacked by a group of inmates armed with a hatchet, a knife, and other sharped-edged objects. (Compl. ¶¶ 8-9, 11). Plaintiff alleges Defendants, Georgia Department of Corrections ("GDC") officials, knew Plaintiff's attackers were not secured in their respective cells and that the men were armed. (Id. at ¶¶ 9-10, 12). Plaintiff further alleges Defendants witnessed the perpetrators attack another inmate yet took no steps to disarm and secure the men. (Id. at ¶¶ 16-17). Consequently, the group of attackers were able to access Plaintiff's cell, which Defendants knew was not locked, drag Plaintiff from his cell, and stab him repeatedly. (Id. at ¶¶ 14, 20-22). Plaintiff accuses Defendants of watching these events transpire from the control room and failing to intervene to protect Plaintiff from injury. (Id. at ¶¶ 23, 25). Plaintiff alleges Defendants intended harm to befall Plaintiff having previously labeled Plaintiff a "snitch." (Id. at ¶¶ 42-44).

Plaintiff personally served Defendant Foulks on February 1, 2024. (Foulks Decl. ¶ 3). Plaintiff personally served Defendant Kern on February 5, 2024. (Kern Decl. ¶ 3). Both Defendants promptly notified GDC of the lawsuit and requested representation. (Foulks Decl. ¶¶ 4-5; Kern Decl. ¶¶ 4-5). However, Defendants

did not file their Answer to Plaintiff's Complaint until March 1, 2024, eight days late for Defendant Foulks and four days late for Defendant Kern. (Doc. 3). The delay in responding to Plaintiff's Complaint resulted from the internal process whereby GDC notified the Georgia Department of Law and the Department of Law then assigned counsel. (Doc. 4-1, p. 4).

## II.   DISCUSSION

Rule 55, which governs the entry of default, provides that when a defendant "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by an affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 "mandates the entry of default so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1338 (11th Cir. 2014) (alterations adopted) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.3d 689, 691 (D.C. Cir. 1970)). Typically, the clerk of court enters default upon the application of the non-defaulting party, but "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10A Charles Allen Wright et al., Fed. Prac. & Proc. Civ. § 2692 (4th ed. 2018). Accordingly, even where the clerk has not yet entered default, a defaulting defendant still "must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized." Id.

3

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable standard . . . [and] is not susceptible to a precise formula, but some general guidelines are commonly applied." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). When determining whether good cause exists to set aside an entry of default, courts may consider, among other factors, (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; (3) whether the defaulting party has a meritorious defense; (4) whether the public interest is implicated; (5) whether the defaulting party suffered a significant financial loss; (6) whether the defaulting party acted promptly to correct the default. Id. The factors themselves are not "talismanic"; but "[w]hatever factors are employed, the imperative is that they be regarded as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)) (quotation marks omitted).

As a general principal, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). "Action on a motion to set aside default is within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). Nevertheless, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings,

the court need make no other findings in denying relief." <u>Compania Interamericana Export-Import</u>, S.A., 88 F.3d at 951-52.

The facts here weigh in favor of setting aside default. There is no suggestion that Defendants willfully defaulted. Rather, Defendants state they promptly followed protocol by notifying GDC of the lawsuit and requesting representation. Once the Department of Law assigned counsel to Defendants, counsel acted promptly in filing a response to Plaintiff's Complaint and in seeking to set aside any default. Moreover, counsel promptly contacted Plaintiff's representative and received assurance that Plaintiff does not oppose Defendant's motion to set aside default. Thus, there is no prejudice to Plaintiff.

Upon consideration of the relevant factors, the Court concludes Defendants have set forth good cause for setting aside the entry of default. The Court accordingly grants Defendants' motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Foulks and Kern's Motion to Set Aside Default. (Doc. 4).

**SO ORDERED** this 11th day of March, 2024.

<u>*s/ Hugh Lawson*</u><br>
**HUGH LAWSON, SENIOR JUDGE**

aks