IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| GREGORY HUMPHREY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | No. 7:24-cv-6-WLS |
| JAMES MOODY, et al., | * | |
| | * | |
| Defendants. | * | |

**PROTECTIVE ORDER**

Whereas Plaintiff Humphrey filed this action under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent in violation of his Eighth and Fourteenth Amendment rights and acted in retaliation in violation of his First Amendment rights, as a result of an incident in October of 2022, while he was incarcerated at Valdosta State Prison;

Whereas Plaintiff issued a subpoena to produce documents to the non-party Georgia Department of Corrections ("GDC"); and

Whereas certain requested records contain information about individuals not a party to the underlying litigation, or information that the parties otherwise agree should be kept confidential;

NOW THEREFORE, it is hereby ordered:

1. Documents produced on or after the date of this Order shall presumptively be subject to the provisions set forth below if they are marked "CONFIDENTIAL" on each page containing information believed to be confidential, or in the event they are electronic

records not easily subject to designating particular pages, by so designating the electronic files.

2. By designating a document "CONFIDENTIAL," counsel represent that they have a good faith belief that further dissemination of the designated document would substantially harm the interests of their clients or third parties. This may include documents revealing non-party personal identifying information and personal health information protected by the Health Insurance Portability and Accountability Act, as well as information that if disclosed would impact prison safety or security, or reveal confidential or sensitive information regarding offenders who are not parties to this litigation. The parties and their counsel acknowledge that this case involves matters of public interest, and that documents should not be designated as "CONFIDENTIAL" as a matter of course.

3. If a party objects to a disclosing party's designation of a document as "CONFIDENTIAL." the party contesting the designation shall attempt in good faith to resolve the dispute informally. If the dispute cannot be resolved informally, the party objecting to the designation may request that the Court determine whether the disputed document is properly subject to this Order. If the disclosing party declines to reconsider the designation, or fails to respond within seven business days of the date of any communication requesting reconsideration, the party objecting to the designation may request relief from the Court.

4. Unless otherwise ordered by the Court or permitted in writing by the designating entity, a receiving party may disclose any information or item designated "CONFIDENTIAL: only to, and the information therein shared only with, Plaintiff;

Defendant; employees of the GDC; the attorneys of record in this litigation, and any members, associates, paralegals, and employees of such attorneys or their firms as may be necessary; witnesses who are being questioned about or concerning covered documents or information; any expert witness or consultant retained by a party; any court reporter, videographer, or similar person used in the discovery process in this action; the Court, persons employed by the Court, jurors, appellate courts, and appellate court personnel performing judicial functions related to this case; and any other person mutually agreed to by the parties, except that disclosure may be made to a person who is already aware of the documents or information (e.g., a GDC employee who created the specified document).

5. Further, and notwithstanding anything to the contrary, to the extent the party or witness to receive the designated document is a person currently or formerly incarcerated in the GDC, the parties and their counsel shall take reasonable steps to avoid providing such persons with the confidential information within the designated document (e.g., avoiding sharing a copy of such confidential document, or the information therein, with any person currently or formerly incarcerated in the GDC if reasonably possible, and if not reasonably possible, then using a redacted version of the document if reasonably possible). It shall remain the duty of counsel to reasonably ensure that any person to whom the confidential documents or information are disclosed observes the terms of this Order.

6. The protections conferred by this Order cover not only "CONFIDENTIAL" documents, but also (1) any information copied or extracted from "CONFIDENTIAL" documents; (2) all copies, excerpts, summaries, or compilations of "CONFIDENTIAL" documents; and (3) any testimony, conversations, or presentations by parties or their

counsel that might reveal information about, or the substance of, "CONFIDENTIAL" documents. Any use of "CONFIEDNTIAL" documents at trial shall be governed by a separate agreement or order.

7. Documents marked "CONFIDENTIAL" hereunder shall be utilized only for purposes of this litigation, including appeals and related proceedings, and for no other purposes.

8. When a document marked "CONFIDENTIAL" hereunder is filed with the Court, the document containing the confidential information shall be filed either (1) under seal, and must comply with the Court's Local Rules governing filing under seal, or (2) with the confidential information redacted, following the Court's applicable rules for such filing. "CONFIDENTIAL" material may only be filed under seal pursuant to a court order authorizing the sealing of the specific "CONFIDENTIAL" material at issue. If a receiving party's request to file "CONFIDENTIAL" material under seal is denied, then the party agrees to comply with instructions from the Court regarding the filing of "CONFIDENTIAL" materials.

9. Inadvertent failure to designate a document as "CONFIDENTIAL" shall not constitute a waiver of such claim and may be corrected upon notice to the parties. Upon receiving such notice, the parties shall thereafter mark and treat the material as so designated, and such material shall be fully subject to this Order from the date of such supplemental notice forward. The parties also shall exercise their best efforts to ensure redaction, return, or destruction of such material as is appropriate under the provisions of this Order.

10. If a party or non-party learns that, by inadvertence or otherwise, it has disclosed a document designated as "CONFIDENTIAL" to any person or in any circumstances not authorized under this Order, the party shall immediately notify the other parties and any producing/designating non-party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the protected material, and inform the person or persons to whom unauthorized disclosures were made of all the provisions of this Order.

11. Until such time as this Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

12. Any party may move the Court, after notice to the other parties and producing non-parties, to modify or grant relief from any provision of this Order.

13. Nothing in this Order shall be deemed to limit or otherwise waive the parties' right to seek discovery concerning any matter, to object to a discovery request (including but not limited to objecting to the discoverability of any documents or materials requested by a party), or to modify the parties' duties to respond accurately and completely to discovery requests in accordance with the Local Rules and the Federal Rules of Civil Procedure.

14. The parties agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all records marked "CONFIDENTIAL" pursuant to this order shall be destroyed, or returned to the person or entity from which the "CONFIDENTIAL" records were obtained, with a certificate of such destruction or return being provided to all counsel of record. The parties, counsel, and any other persons to

whom such "CONFIDENTIAL" material is disclosed are advised that such materials are to be used solely for the purposes of the litigation of this matter and for no other purposes whatsoever.

The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seek to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party and the producing party or entity at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party or producing party or entity shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party or producing party or entity shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the material under seal simply because they are covered by this discovery protective order.

**SO ORDERED** this 22nd day of July, 2024.

W. Louis Sands
Senior Judge, United States District Court
Middle District of Georgia