IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **GREGORY HUMPHREY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| v. : | **7:24-cv-6–WLS** |
| : | |
| **JAMES MOODY, ASHLEY KERN and** : | |
| **RODNEY FOULKS,** : | |
| : | |
| **Defendants.** : | |

## ORDER

Pursuant to the Court's Discovery and Scheduling Order, as amended (Docs. 9, 14 & 16), and at the Parties' request, on July 1, 2025, the Court held a telephonic conference to resolve a discovery dispute between the Parties. The dispute related to a subpoena Plaintiff served on non-party Georgia Department of Corrections ("GDC") to designate a representative to testify at a deposition via Federal Rule of Civil Procedure 30(b)(6).[1] The subpoena lists sixteen topics of discussion. Because Topic 1 relates specifically to Plaintiff in this case, GDC agreed to designate a representative to testify as to Topic 1. Except for information in Topic 14—to the extent it relates to Plaintiff—GDC objects to providing the information requested in the remaining Topics as the bases that such information is irrelevant, overly broad, and/or unduly burdensome. The Court enters this Order to memorialize its rulings on the Topics to which GDC objected.

**I.    TOPIC 1**

For context in discussing the remaining Topics, Topic 1 asks GDC's designee to testify as to:

> What happened with the video evidence in the October 18, 2022 assault on Gregory Humphrey at Valdosta State Prison, which is the subject of Georgia

---

[1] The Parties' position papers and a copy of the subpoena was emailed to the Court's chambers for review prior to the telephonic conference. Information and quotations of the discussion Topics are taken from those papers.

> Department of Corrections, Office of Professional Standards Case no. 2022-3781, including the GDC's understanding of who reviewed the video, who had access to the video, how the video was stored, how the video was saved, any duties to preserve the video, any efforts to preserve the video, whether the video can be restored or replaced, and who is responsible for the video disappearing.

Plaintiff requests information relating to a video in his case because a GDC report noted that a recording of the camera footage of the incident was attached to his case file. However, on requesting the video during discovery, Plaintiff's counsel was advised that there is no video.

Accordingly, as agreed, GDC shall designate a representative to testify as to Topic 1.

## II.    TOPIC 2 THROUGH TOPIC 12

These topics request information related to the deaths of six other named inmates and to a medical emergency of a seventh named inmate that occurred between October 28, 2020, and July 20, 2023, while the inmates were incarcerated at various prisons in Georgia. Plaintiff requests information regarding videos and/or documents that allegedly disappeared or were destroyed relating to those incidents or information relating to alleged falsification of records.

Specifically, the requests relating to allegedly missing or destroyed videos[2] ask for the same information as to each inmate that is requested in Topic 1 regarding the Plaintiff. Along the same lines relating to missing or destroyed evidence, Topics 3, 4, 5, 9, 11, and 12 request information regarding allegedly missing or destroyed documentary evidence or falsification of records relative to the deaths or the medical emergency of the named inmates.[3] For instance, queries regarding allegedly missing documentary evidence are worded generally as following:

> What happened with the documentary evidence in the October 19, 2022 suicide of Clinton Jackson at Macon State Prison, which is the subject of Department of Corrections, Office of Professional Standards Case No. 2022-3835, including the GDC's understanding of why there are no logbooks, count sheets, door sheets, or post rosters for the relevant time and place.

---

[2] Topic 2—inmate Clinton Jackson; Topic 6—inmate Hakeem Williams; Topic 7—inmate Ramirez Bibiano; Topic 8—inmate Jerry Lee Brown; and Topic 10—inmate Khalid Mouton.

[3] Topics 3 and 4—inmate Clinton Jackson (missing documents and falsification of medical records); Topic 5—inmate Joseph Brown (missing documents); Topic 9—inmate Jerry Lee Brown (falsification of log book); Topic 11—inmate Khalid Mouton (missing documents); and Topic 12—Thomas Giles (falsification of log book and door sheets).

2

Case 7:24-cv-00006-WLS   Document 18   Filed 07/03/25   Page 3 of 5

Topic 2. And requests regarding alleged falsification of records are generally worded as follows: "What action, if any, was taken in response to the falsification of a medical record dated after the suicide of Clinton Jackson at Macon State Prison." Topic 3.

The Court finds that the requests for allegedly missing, destroyed, or lost videos and/or documentary evidence or alleged falsification of documentary evidence relating to the seven identified inmates is not unduly burdensome, is not overly broad, and at this time the Court cannot determine that such evidence would be totally irrelevant to a claim relating to spoilation, policy, or Defendants' knowledge.

Accordingly, GDC shall designate a representative to testify regarding the matters identified in Topics 2 through 12.

### III.   TOPIC 13

Topic 13 asks "[w]hat action, if any, was taken in response to the judicial findings that Ahmed Holt gave false, or not credible, testimony in *Daughtry v. Emmons*, No. 5:15-cv-41-MTT, Doc. 484 (M.D. Ga. Apr. 19, 2024)."

The Court agrees with GDC that Plaintiff failed to show how this Topic is relevant to the Plaintiff's case.

Accordingly, GDC is not required to designate a representative to testify regarding Topic 13.

### IV.   TOPIC 14 – IN PART

Topic 14 requests that GDC's designee testify regarding "Any instance in which any GDC employee was disciplined or terminated or prosecuted for failure to preserve evidence or the destruction of evidence or the falsification of evidence related to a suicide or homicide within GDC." GDC has agreed to provide a designee to testify regarding Topic 14, in relation to the named Defendants.

Accordingly, GDC shall designate a representative to testify regarding Topic 14 as such Topic relates to the named Defendants.

3

## V.     REMAINDER OF TOPIC 14, TOPIC 15, AND TOPIC 16

As noted above, Topic 14 seeks information relating to any employee who has been disciplined or terminated or prosecuted for failure to preserve evidence, for destroying evidence, for falsifying evidence related to a suicide or homicide within GDC. There are no time limits on the information sought by Topic 14. Topics 15 and 16 request the following information for each homicide or suicide of inmates at a GDC facility between January 1, 2020, and July 1, 2023: the inmate's name, date of death, whether the death was a homicide or suicide, and the facility at which the decedent was housed. Further, for each such instance, Plaintiff requests GDC's designee state whether GDC is aware of actions taken with respect to the inmate's death, including but not limited to, criminal charges, investigations, lawsuits, settlements, *etc.*

GDC objects to the remaining portion of Topic 14 and to Topics 15 and 16 as irrelevant, overly broad and unduly burdensome. At this point, the Court finds that Plaintiff failed to establish how action taken against a GDC employee for failing to preserve, destroying, or falsifying evidence—no matter the date—is sufficiently connected to Plaintiff's case. Further, the Court finds that Plaintiff failed to establish how the fact that an inmate died, whether of suicide or homicide, while incarcerated at a prison in Georgia, and how any criminal charges, investigations, lawsuits, settlements, or other actions resulting from such inmate's death is connected to the theory of Plaintiff's case. The Court agrees with GDC that the requests in Topic 14 that are unrelated to Plaintiff or to the named Defendants, Topic 15 and Topic 16 are overly broad and unduly burdensome, and at this time, Plaintiff has not established that such information is sufficiently relevant. However, upon further review and consideration, the Court finds it appropriate that GDC designate a witness to testify as to any employees at Valdosta State Prison who were disciplined, terminated, or prosecuted for failure to preserve evidence, for destroying evidence, or for falsifying evidence related to the serious injury or death of an inmate at Valdosta State Prison that occurred between October 1, 2020, and December 30, 2022.

Accordingly, GDC is not required to designate a representative to testify regarding the remainder of Topic 14, or Topics 15 or 16, except as provided herein as to Valdosta State Prison. Plaintiff's request is otherwise, at least, premature. In the event Plaintiff establishes

sufficient relevancy of such information, the Court may reconsider its position as to the remainder of Topic 14, and Topics 15 and 16.

**SO ORDERED**, this 3rd day of July 2025.

                                                    **/s/ W. Louis Sands**
                                                    **W. LOUIS SANDS, SR. JUDGE**
                                                    **UNITED STATES DISTRICT COURT**