**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

GREGORY HUMPHREY,        :
        :
   Plaintiff,        :
        :      **CASE NO:**
  v.        :      **7:24-cv-6–WLS**
        :
JAMES MOODY, ASHLEY KERN and  :
RODNEY FOULKS,        :
        :
   Defendants.        :

## ORDER

Before the Court is Plaintiff's Motion for Leave to File Under Seal (Doc. 28) ("Motion to Seal") filed March 13, 2026. Therein, Plaintiff requests he be allowed to file under seal three documents and two phone recordings comprising Exhibit A to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 27). The items Plaintiff requests to file under seal are:

1. OPS Investigative File.pdf

2. GDC Subpoena Response Binder 1.pdf

3. Email thread Briones Wofford.pdf

4. IM Brejon Nabors call made 10.17.225[1] at 1216.wav

5. IM Parker 0001189816 call made 10.17.22 at 2021.wav

Plaintiff relies on a Protective Order (Doc. 12) entered July 22, 2024, to establish good cause for filing the documents and phone recordings under seal. He further contends that good cause exists because the Georgia Department of Corrections ("GDC") "generally has proposed that the compelling reasons to file any of its confidential materials under seal includes an impact to safety and security of the prison and also to the OPS [GDC Office of Professional Standards] investigation process." (Doc. 28 at 2).

---

[1] The Court notes this reference appears to refer to a date the call was made; and, therefore, may be a typographical error.

1

Although relying on the Protective Order, the Plaintiff appears to have failed to comply with the terms of such Order. The Court specifically found that the terms of the Protective Order shall not apply to exclude evidence from public disclosure that is relied upon in support of or opposition to any motion. (Doc. 12 at 6). Here, Plaintiff seeks to use the items comprising Exhibit A in support of his opposition to Defendants' Motion for Summary Judgment. In that instance, the Protective Order requires Plaintiff to have notified the Defendants and the producing party, if not one of the Defendants, at least fourteen days prior to filing the Motion to Seal. (*Id.*) Defendants and any producing party then had seven days to respond by objecting to the public disclosure of the information or by also filing a motion to allow the materials to be filed under seal—which shall state a compelling reason in support of that motion. (*Id.*) Further, the Protective Order provides:

> The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the material under seal simply because they are covered by this discovery protective order.

(*Id.*) Nothing shows that Plaintiff followed this procedure required by the Protective Order. While not binding on the Court, nothing in the Record reflects whether Defendants or any producing party oppose disclosure of the materials or agree that the documents and phone recordings should be filed under seal. Regardless of whether a party's motion to seal is contested, this Court "may not rubber stamp a stipulation [or unopposed motion] to seal the record." *In re Est. of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002). The fact that the parties have agreed to seal a document is immaterial. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

"There is no question that a common law right of access exists as to civil proceedings. 'What transpires in the courtroom is public property.'" *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (per curiam) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). This common law right "is instrumental in securing the integrity of the [judicial] process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam).

2

Parties must generally obtain a court order to file documents under seal. *See* M.D. Ga. L.R. 5.4(C). However, because of the common law right of access to federal courts, documents should not unnecessarily be sealed. *Oldaker v. Giles*, No. 7:20-CV-00224, 2021 WL 3412551, at *2 (M.D. Ga. Aug. 4, 2021). The starting point for this Court in reviewing the Motion to Seal, is the proposition that, absent exceptional circumstances, the record in federal civil cases are public proceedings. *Wilson*, 759 F.2d at 1570 ("it is the rights of the public . . . which are preserved by prohibiting closure of public records, unless unusual circumstances exist.").

Plaintiff seeks to seal over 200 pages of documents. While some of the documents and phone recordings may be the records of third parties, a substantial number appear to be the Plaintiff's own records. The phone recordings appear to be calls made to or from inmates and the beginning of the recordings specifically notify the parties on the call that the call is not private. Plaintiff has not explained why those recordings and approximately 200 pages of documents should be sealed—other than stating they were produced subject to the Protective Order and the GDC has a compelling reason to file its confidential materials under seal because they may impact the safety and security of the prison. Yet, there is no explanation as to how the particular documents or phone recordings impact the safety and security of the prison, or even whether the GDC or any of the Defendants seek to have the documents and recordings filed under seal. The bulk of the documents are lumped together as OPS Investigative Case Summaries for various inmates, including Plaintiff, or as documents obtained from GDC in response to a subpoena. The documents obtained from the GDC by subpoena appear to all be related to Plaintiff rather than any third party. As presented, the Court finds that Plaintiff has not stated exceptional circumstances showing that the documents and phone recordings comprising Exhibit A in their entirety should be sealed.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to File Under Seal (Doc. 28) is **DENIED WITHOUT PREJUDICE**. Plaintiff may, upon compliance with the Protective Order and the filing of the appropriate motion identifying the particular document(s) sought to be filed under seal and the specific basis such document(s) should be filed under seal, refile his motion if he desires to do so. Plaintiff should also consider, and represent, if appropriate, whether documents with appropriate redactions are suitable for the

public record. In such circumstances, the original documents can be filed under seal with a redacted copy filed on the public record.

**SO ORDERED**, this 19th day of March 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**