**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| GREGORY HUMPHREY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO: |
| v. | : | 7:24-CV-6 (WLS) |
| | : | |
| JAMES MOODY, ASHLEY KERN and RODNEY FOULKS, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiff moves for spoliation sanctions. (Doc. 31) ("Motion"). Because Plaintiff's motion is untimely under the Court's 21/21/21 Rule and fails to comply with the Court's longstanding procedure for handing alleged discovery violations, Plaintiff's Motion is **DENIED**.

## I. RELEVANT BACKGROUND

On March 26, 2026, Plaintiff filed a Motion for Spoliation Sanctions. (Doc. 31). Defendants Responded (Doc. 36), as did non-party the Georgia Department of Corrections (Doc. 37), and Plaintiff Replied. (Doc. 40). On July 7, 2026, the Court held a hearing on the Motion. (Doc. 43).

## II. STANDARD OF REVIEW

Discovery rulings and specifically motions to compel under Federal Rule of Civil Procedure 37, "are committed to the sound discretion of the trial court[.]" *Johnson v. Geico Gen. Ins. Co.*, 318 F. App'x 847, 850 n.1 (11th Cir. 2009). Likewise, "district courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07 (11th Cir. 2011) ("Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th

Cir. 2005))). This discretion includes the power to "hold litigants to the clear terms of its scheduling orders[.]" *Id.* at 1307; *see Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004) (upholding under an abuse of discretion standard a district court's decision excluding an expert report disclosed after the deadline the court had established for its submission).

## III. <u>LAW AND ANALYSIS</u>

Plaintiff moves for sanctions pursuant to the Court's "inherent authority and/or Rule 37(e)." (Doc. 31 at 2). Defendants argue that the Motion violates the Court's Scheduling Order for failure to comply with the 21/21/21 Rule. (Doc. 36 at 5). The Court's Discovery and Scheduling Order stated:

> [A]ll motions made under Rule 37 must be filed within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery, whichever first occurs

(Doc. 9 at 2). Plaintiff filed his Motion 247 days after taking GDC's deposition, where he raised the issue of spoliation (Doc. 27-13 at 240:10-19), and 129 days after the close of discovery. (Doc. 20). In reply, Plaintiff says "it is not clear that Rule 37 has any application here," (Doc. 40 at 5) even though he moves pursuant to it (Doc. 31 at 2) and cites to the Rule 37(e) analysis throughout his briefing. (*See* Docs. 31 & 40).

In other words, Plaintiff does not disagree that he plainly violated the Court's 21/21/21 rule and instead urges the Court to exercise its inherent power to issue sanctions, while keeping in mind the dictates of Rule 37(e). As a result, Plaintiff's Motion, insofar as it constitutes a Rule 37 motion is **DENIED**, for failure to comply with the Court's 21/21/21 rule set out in its Discovery and Scheduling Order. (Doc. 9 at 2).

The Court will now consider whether to issue sanctions pursuant to its inherent power. Discovery rulings and specifically motions to compel under Federal Rule of Civil Procedure 37, "are committed to the sound discretion of the trial court[.]" *Johnson v. Geico Gen. Ins. Co.*, 318 F. App'x 847, 850 n.1 (11th Cir. 2009). Likewise, "district courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07

(11th Cir. 2011) ("Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005))). This discretion includes the power to "hold litigants to the clear terms of its scheduling orders[.]" *Id.* at 1307; *see Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004) (upholding under an abuse of discretion standard a district court's decision excluding an expert report disclosed after the deadline the court had established for its submission).

Courts disagree on whether discovery sanctions can be sought under the Court's inherent power. ("The court's power to sanction a party for failure to comply with discovery derives exclusively from Rule 37 of the Federal Rules of Civil Procedure.") *S.E.C. v. Rehtorik*, 135 F.R.D. 204, 206 (S.D. Fla. 1991) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958); 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: § 2018 at 147 (1970); ("In the face of discovery abuses, the Court has various remedies at its disposal, and can impose sanctions under Federal Rule of Civil Procedure 37, as well as its 'inherent powers' to control litigation." *Sole v. Perry*, No. 1:15-CV-1700-LMM-LTW, 2017 WL 11741353, at *8 (N.D. Ga. Feb. 3, 2017); ("Conduct of the kind which ordinarily would be sanctionable under Rule 37, but falls outside the express terms of the rule, can be sanctioned by proper exercise of this Court's inherent powers.") *E.E.O.C. v. Jacksonville Shipyards, Inc.*, 690 F. Supp. 995, 997 (M.D. Fla. 1988).

The purpose of the 21/21/21 Rule is to prevent Parties from delaying adjudication of discovery disputes until the end of a lawsuit to gain or take a strategic advantage unrelated to the merits or other possible purposes. The 21/21/21 Rule is not without exception. In exceptional circumstances, a party may provide good cause for delay, or articulate some other reason for delay which would justify the Court exercising its discretion to waive the rule. Plaintiff has not provided such a reason here. Indeed, Defendants convincingly argue that Plaintiff waited to move for sanctions until his Counsel "received a favorable ruling on a motion in a different case," which also involved discovery sanctions and to which Plaintiff cites heavily in his brief. (Doc. 36 at 6); (Doc. 31 at 5) (citing Mackrell v. Butler, No. 7:24-cv-

7-LAG (M.D. Ga.)). "A district court has 'broad discretion' to impose sanctions as part of its 'inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases.'" (Doc. 31 at 7) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005)). Plaintiff's untimely filing of the instant motion has undermined the Court's ability to achieve the orderly and expeditious disposition of this case. While the Court is not required to apply the 21/21/21 Rule to discovery disputes arising under its inherent power, it will exercise its discretion to do so. The 21/21/21 Rule is the Court's preferred method for timely resolution of discovery disputes, and the Court will not allow Parties to avoid its dictates by moving pursuant to the Court's inherent authority instead of the appropriate dictates of Rule 37. Accordingly, Plaintiff's motion for sanctions pursuant to the Court's inherent powers is **DENIED**.[1]

## IV. CONCLUSION

Because Plaintiff failed to comply with the Court's 21/21/21 Rule, his motion for sanctions pursuant to Rule 37(e) is **DENIED**. Plaintiff's failure to raise this issue in a timely manner undermined the Court's ability to achieve the orderly and expeditious disposition of this case. Accordingly, the Court declines to exercise its inherent power to issue sanctions. Plaintiff's motion for sanctions pursuant to the Court's inherent power is **DENIED**.

**SO ORDERED**, this 19th day of August 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

[1] One of Plaintiff's proposed sanctions is a request to be allowed to discuss the video's destruction at trial and a jury instruction about the video and indemnification. (Doc. 40 at 7). This Order does not limit the Court's ability to permit discussion of video destruction at trial, nor its ability to issue a jury instruction about the video and indemnification. The Court will, if appropriate, consider these remedies upon timely motions in limine or other proper vehicle before or during trial.